Date signed September 21, 2009



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In Re: | * | |
| KEVIN NELSON, SR. | * | Case No.    05-42246DK |
| THERESA NELSON | * | Chapter    7 |
| | * | |
| | * | |
| Debtors | * | |

### MEMORANDUM OPINION

Before the court is a motion by the Debtors to convert this case which is presently a Chapter 7 case, to a case under Chapter 13. The motion has been opposed by the Chapter 7 Trustee and the prior Chapter 13 Trustee. If granted this would be the third conversion of the case. This case was commenced on October 15, 2005 by the filing of a voluntary petition under Chapter 7 of the United States Bankruptcy Code. The initial Schedule A filed shortly after the petition listed one real property known as 4280 Clydesdale Avenue in Baltimore, Maryland with a current market value of $68,000.00, and indicated that the property belonged solely to Kevin Nelson, Sr., subject to a secured claim in the amount of $53,000.00. Schedule D, however, included two identical mortgages in favor of Washington Mutual against the subject property with a total debt secured by the property in the amount of $106,000.00.[1]

---

[1] It appears now that the secured claim of Washington Mutual in the real property was merely stated twice on Schedule D.

The Chapter 7 Trustee on January 19, 2006 entered a Notice of Assets and filed, *inter alia*, an application to employ a real estate agent for the purposes of offering the subject premises for sale. Almost immediately the Debtors filed a motion to convert the case to a case under Chapter 13 pursuant to Section 706(a)[2] of the Bankruptcy Code and the court granted the motion.[3] On February 10, 2006, the Debtors filed two sets of amended schedules. Neither set contained an amended Schedule D listing the duplicate mortgage debt. However, the first set of Amended Schedules (docket entry 28) contained an Amended Schedule A reflecting that the Debtors held no interest in any real property. In the Second Amended Schedule A (docket entry 32), also filed on February 10, 2006, Debtors listed the Clydesdale Avenue property but changed the ownership designation to property held by the Debtors as tenants by the entireties. The value of the property was changed to reflect a value of $178,000.00 with the secured claim against such property in the amount of $44,310.00.

The Debtors also filed a proposed Chapter 13 plan which contained no reference to the claim secured by the subject real property. Apparently the Debtors' intent was that that claim would ride through the bankruptcy without being affected by any confirmation and performance of the plan. The Debtors' plan was confirmed upon recommendation by the Trustee, by Order entered

---

[2] Section 706(a) provides: "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable."

[3] The right to convert a case one time initially from chapter 7 to chapter 13 pursuant to Section 706(a) has long been described by courts as an "absolute" right to convert. Nonetheless, in its decision of *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 127 S.Ct. 1105 (2007), the United States Supreme Court held that the right to dismissal is only absolute where the debtor is included in the class of "honest but unfortunate" debtors whom the bankruptcy laws were enacted to protect. *Id.* at 374, 127 S.Ct. at 1111. In *Marrama*, the court held that the chapter 7 debtor's wrongful prepetition conduct would otherwise make him ineligible to remain in chapter 13 under Section 1307(c) and thus he did not have an automatic right to convert to chapter 13.

on July 19, 2006.

In a Motion to Reconvert the case from Chapter 13 back to Chapter 7, filed by the Chapter 13 Trustee on February 23, 2009, the Trustee averred that the Debtors were in material default under the terms of the plan by failing to make required payments for a period in excess of five and one-half months amassing an arrearage of $2,325.00.  The Debtors filed a response to the Trustee's motion admitting the factual allegations and further averring that one of them had been unemployed but was now re-employed and would bring the payments current.  A hearing upon the motion to convert was set by notice entered March 20, 2009.  The hearing was subsequently continued to be held on May 12, 2009.

On the day before the hearing upon the Trustee's Motion to Reconvert, the Debtors filed a withdrawal of their opposition to the Motion to Reconvert, thus leaving the Trustee's Motion unopposed.  However Debtors also filed an expedited motion seeking to dismiss the case stating: "the debtor [sic] no longer requires or wishes for the protection of this court."

Section 1307(b) provides that on request of the debtor at any time, the court shall dismiss the case under Chapter 13, provided that the case has not been converted under Section 706, 1112, or 1208 of the Bankruptcy Code.  By this provision, Congress has provided that a debtor has a right to dismiss a Chapter 13 case without demonstration of cause, if the case had not previously been converted to Chapter 13.  Because the instant case was converted under Section 706 to Chapter 13 from its original Chapter 7 filing, the Debtors held no right to dismiss the case pursuant to Section 1307(b).  Instead, dismissal upon the Debtors' Motion to Dismiss could only be considered pursuant to Section 1307(c).  That subsection provides that the court may dismiss the case or convert the case to a case under Chapter 7, "whichever is in the best interests of creditors and the estate, for cause" upon request of a party-in-interest and after notice and a hearing.  Therefore, the Debtors' Motion to Dismiss filed on May 11, 2009, did not entitle the Debtors to an immediate

3

dismissal of the case.

Furthermore, the Chapter 13 Trustee's Motion to Reconvert set for hearing was not mooted by the Debtors' expedited Motion to Dismiss.  Accordingly, the court conducted a hearing upon the Trustee's Motion on May 12, 2009.

Neither Debtors nor Debtors' counsel appeared in opposition to the Trustee's Motion.  As stated above, the Debtors had withdrawn their opposition to the Motion to Reconvert to Chapter 7.  The Trustee demonstrated cause to reconvert the case to a case under Chapter 7 pursuant to Section 1307(c)(6), material default by the Debtors with respect to the confirmed plan.  Further, both by the Amended Schedules and the proffer of the Trustee at the hearing, it was demonstrated that there was a likelihood that there was significant value in the assets of the estate in excess of liens thereupon which should be liquidated for the purposes of making distribution to creditors.  Upon such evidence, and without opposition, the court found that conversion to Chapter 7, instead of dismissal, was in the best interests of creditors and the estate.  For this reason the court granted the Trustee's Motion to Reconvert the case to a case under Chapter 7.  Having granted reconversion, the court entered a separate Order Denying Debtors' Motion to Dismiss.

The Debtors have now filed another motion to again reconvert the case from Chapter 7 to Chapter 13.  The Debtors' Motion avers that the Debtors will suffer the loss of their primary residence should the case continue to be a case under Chapter 7.  The Motion further recites that Mr. Nelson has been on medical leave but that the Debtors believe they could adequately fund their Chapter 13 plan through assistance offered by family members and the anticipation by Mr. Nelson that he will be able to return to work.

Because this case has previously been converted under Section 1307, Section 706(a) does

4

apply so as to provide to the Debtors an "absolute"[4] right to convert the case back to Chapter 13. No expressed language provides a right or opportunity to a debtor to convert a case from Chapter 7 to Chapter 13 if the case had previously been converted under Sections 1112, 1208 or Section 1307. Courts are split as to whether the loss by the debtor of the "absolute" right to convert from Chapter 7 to Chapter 13 bars a discretionary conversion after notice and a hearing.

In *In re Muth*, 378 B.R. 302 (Bankr. D. Colo. 2007), the court determined that a debtor has no subsequent opportunity to convert a case from Chapter 7 to Chapter 13 where the case was previously converted to Chapter 7 pursuant to Section 1307. The court recognized a split in decision on this issue, but relied on language from both majority and dissenting opinions in *Marrama*, as well as the legislative history of Section 706 to find that a debtor may convert a case to chapter 13 pursuant to Section 706(a) only a single time. *Id.* at 303.

Other courts have held that the "absolute" right to convert (qualified as it is now by *Marrama*) exists only once, but that in its discretion the court may grant a debtor's motion to convert a case to chapter 13 from chapter 7 more than one time. *See Muth*, 378 B.R. at 303 (citing *In re Johnson*, 376 B.R. 763 (Bankr. D.N.M. 2007); *In re Anderson*, 354 B.R. 766 (Bankr. D.S.C. 2006); *In re Johnson*, 116 B.R. 224 (Bankr. D.Idaho 1990); *In re Trevino*, 78 B.R. 29 (Bankr. M.D.Pa. 1987).

The United States Court of Appeals for the Fourth Circuit has not addressed this split and there appears to be no binding precedent that this court must follow in deciding whether the Debtors possess any right to have this court consider whether they would be entitled to a second reconversion to chapter 13 from chapter 7.

Nevertheless, after careful consideration of the facts of this case as they appear in the court's

---

[4] *See supra* fn3 (citing *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 127 S.Ct. 1105 (2007)).

pleadings and prior record, the court does not reach the question of whether after a previous conversion of the case, discretionary conversion is a statutory option. Even if the court may convert a case to Chapter 13, this court will not grant Debtors' Motion, based upon the facts of this case.

Assuming that a second conversion is permissible, even in the absence of objection the court must undertake an analysis of the particular facts of the case in order to determine whether to order such conversion. The court in *In re Anderson*, 354 B.R. 766 (Bankr. D.S.C. 2006) appropriately described the analysis:

> The court has discretion to order a second conversion but should scrutinize the debtor's circumstances, *bona fides,* and ability to succeed with the purposes for conversion. The court should weigh the interests of the debtor, the estate and all creditors and address each such motion on a case by case basis. The burden of proof is on the moving party.

*Id.* at 769.

The Debtors' instant Motion does not set forth sufficient grounds to allow the court to find that reorganization is any more likely than the Debtors' prior attempt. Nor does it rebut the evidence from the May 2009 reconversion hearing regarding the best interests of the creditors. Debtors have alleged no actual facts from which this court could conclude that they have the ability to sustain a chapter 13 reorganization.

Debtors began this case by mis-describing the ownership of their real property, then converted the case to chapter 13 when the chapter 7 trustee sought to liquidate the equity in the estate for the benefit of creditors. When this court reconverted the case to chapter 7, the Debtors had failed to make plan payments for more than five months, accruing a massive arrearage. Though when given an opportunity to defend themselves against reconversion to chapter 7, they failed to appear at the hearing thereupon.

The court must weigh the individual interests of the Debtors as well as the estates' and the creditors'. The Debtors in their Motion state only: "[t]hat the debtors believe that they could

6

adequately fund their Chapter 13 Plan, since family members have offered to assist them financially and Mr. Nelson anticipates returning to work full time." This statement was made only six days after the conversion to Chapter 7 and therefore nearly contemporaneously with the defaults that were ongoing in the chapter 13 case. There are no pleaded facts that if proven would justify a finding of any likelihood of a successful reorganization if the court permitted a reconversion to Chapter 13. Where this case voluntarily, or without opposition by Debtors, has gone from Chapter 7 to Chapter 13 and back to Chapter 7, to allow another conversion to Chapter 13 would challenge the integrity of the process.

Balancing such consideration against the creditors' rights to receive payment on their claims, and in light of the particular facts of this case, the court concludes that it should not grant reconversion to chapter 13 and the case must remain in chapter 7.

An Order in conformity herewith will be entered.


cc:     Debtors
        Debtors' Counsel
        Chapter 7 Trustee
        U.S. Trustee
        All Other Parties-In-Interest

**End of Order**